**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Salvador Orozco HERNANDEZ, Jr.,
AKA Sal Hernandez, AKA Salvador
Hernandez, AKA Sal Orosco, AKA Or-
ozco, AKA Sal Orozco, AKA Pony
Boy, AKA Hernandez Sal, AKA Tio,
AKA Toro, Defendant–Appellant.**

No. 12–50371.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 21, 2014.

Filed Dec. 4, 2014.

Jean–Claude Andre, Assistant U.S., Of-
fice of the U.S. Attorney, Los Angeles, CA,
Corey G. Lee, Esquire, Assistant U.S.,
Office of the U.S. Attorney, Riverside, CA,
for Plaintiff–Appellee.

Michael Clough, Oakland, CA, for De-
fendant–Appellant.

Before: W. FLETCHER and BYBEE,
Circuit Judges, and EZRA, District
Judge.*

MEMORANDUM **

The facts and procedural posture of this
case are known to the parties, and we do
not repeat them here. Appellant Salvador
Orozco Hernandez, Jr. appeals his convic-

tion by guilty plea for participation in a
drug conspiracy and RICO conspiracy, in
violation of 21 U.S.C. § 846 and 18 U.S.C.
§ 1962(d), respectively. We dismiss the
appeal because Hernandez waived his
right to appeal in the plea agreement he
entered on November 28, 2011.

"[A] defendant's waiver of his appellate
rights is enforceable if (1) the language of
the waiver encompasses his right to appeal
on the grounds raised, and (2) the waiver
is knowingly and voluntarily made." *Unit-
ed States v. Charles*, 581 F.3d 927, 931 (9th
Cir.2009) (quoting *United States v. Jeroni-
mo*, 398 F.3d 1149, 1154 (9th Cir.2005))
(internal quotation marks omitted). Here,
Hernandez signed a plea agreement in
which he waived his right to appeal his
conviction unless he based that appeal on a
claim that his guilty plea was involuntary.
Hernandez bases this appeal on his coun-
sel's alleged conflict of interest when coun-
sel moved to withdraw Hernandez's guilty
plea.

Granted, Hernandez makes occasional
references not supported by evidence to
his counsel's ineffective assistance of coun-
sel "during the plea proceedings" or "prior
to a plea," and he states once that his
counsel's "incompetence" caused "him to
enter an otherwise involuntary plea." But
his primary arguments on appeal urge this
Court to find a Sixth Amendment violation
due to counsel's conflict during the plea
withdrawal stage. Because Hernandez
waived "any right to appeal [his] convic-
tions" in the plea agreement (except for an
appeal based on a claim that his pleas were
involuntary), and because his appeal is
based on a claim of ineffective assistance
of counsel during post-plea-agreement pro-

---

* The Honorable David A. Ezra, District Judge
for the U.S. District Court for the Western
District of Texas, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

ceedings, the language of his appeal waiver encompasses the current appeal.

The only question remaining is whether Hernandez's appeal waiver was "knowingly and voluntarily made." *Charles*, 581 F.3d at 931 (citation and internal quotation marks omitted). On this point, the record and the district court findings as they currently stand are clear: Hernandez knowingly and voluntarily entered into the plea agreement. Hernandez confirmed that he understood and agreed to the appellate waiver and the overall plea agreement several times throughout the record. We therefore reject any claim that Hernandez waived his right to appeal involuntarily or without full knowledge. *See United States v. Harris*, 628 F.3d 1203, 1206 (9th Cir. 2011).

We hold on the current record that the appeal waiver in the plea agreement is enforceable, and Hernandez's appeal falls within that waiver because it is not based on a claim of involuntariness of his guilty plea. Our opinion does not foreclose Hernandez from seeking habeas relief under 28 U.S.C. § 2255. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011).

**DISMISSED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.